IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Melinda Willfond, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 10 C 4025 |
| Regional Adjustment Bureau, Inc., a Tennessee corporation, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Melinda Willfond, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Melinda Willfond ("Willfond"), is a citizen of the State of Arkansas, from whom Defendant attempted to collect a delinquent consumer debt owed for a Capital One Bank credit card, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Regional Adjustment Bureau, Inc. ("RAB"), is a Tennessee corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant RAB operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant RAB was acting as a debt collector as to the delinquent consumer debts it attempted to collect from Ms. Willfond.

5. Defendant RAB is licensed to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, RAB conducts business in Illinois.

6. Moreover, Defendant RAB is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, RAB acts as a debt collector in Illinois.

## FACTUAL ALLEGATIONS

7. Ms. Willfond is a disabled woman, with limited assets and income, who fell behind on paying her bills, including a debt she owed for a Capital One credit card. When Defendant RAB began trying to collect this debt from Ms. Willfond, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant RAB's collection actions.

8. On March 23, 2010, one of Ms. Willfond's attorneys at LASPD informed RAB, in writing, that Ms. Willfond was represented by counsel, and directed RAB to cease contacting her, and to cease all further collection activities because Ms. Willfond was forced, by her financial circumstances, to refuse to pay her unsecured debt.

Copies of this letter and fax confirmation are attached as Exhibit C.

9. Nonetheless, a debt collector for Defendant RAB, "James Hall", called Ms. Willfond on May 12, 2010, and demanded that she pay the Capital One debt.

10. Accordingly, on May 18, 2010, Ms. Willfond's LASPD attorney had to send Defendant RAB another letter to demand that it cease communications and cease collections. Copies of this letter and fax confirmation are attached as Exhibit D.

11. Defendant RAB's collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendant RAB's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

15. Here, the letter from Ms. Willfond's agent, LASPD, told Defendant RAB to cease communications and cease collections (Exhibit C). By continuing to communicate regarding this debt and demanding payment, Defendant RAB violated § 1692c(c) of the FDCPA.

16. Defendant RAB's violations of § 1692c(c) of the FDCPA render it liable for

3

statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA -- Communicating With A Consumer Represented By Counsel

17.	Plaintiff adopts and realleges ¶¶ 1-12.

18.	Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

19.	Defendant RAB knew that Ms. Willfond was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing (Exhibit C), that she was represented by counsel, and had directed Defendant RAB to cease directly communicating with Ms. Willfond.  By directly calling Ms. Willfond, despite being advised that she was represented by counsel, Defendant RAB violated § 1692c(a)(2) of the FDCPA.

20.	Defendant RAB's violations of § 1692c(a)(2) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Melinda Willfond, prays that this Court:

1.	Find that Defendant RAB's debt collection actions violated the FDCPA;

2.	Enter judgment in favor of Plaintiff Willfond, and against Defendant RAB, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.	Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Melinda Willfond, demands trial by jury.

                                          Melinda Willfond,

                                          By: /s/ David J. Philipps
                                          One of Plaintiff's Attorneys

Dated: June 29, 2010

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com